UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

```
NOLVIA LIZETH GARCIA BORJAS
116 Shelly Road
Glen Burnie, Maryland 21061

        Plaintiff,
    v.

YETNAL HOUSE LLC
Suites 5 & 6
10194 Baltimore National Pike
Ellicott City, Maryland 21043

SERVE:  San Oh, Resident Agent
        5100 Dorsey Hall Drive
        Ellicott City, Maryland 21042

RAY KIM
Suites 5 & 6
10194 Baltimore National Pike
Ellicott City, Maryland 21042

JANE DOE
Suites 5 & 6
10194 Baltimore National Pike
Ellicott City, Maryland 21042

        Defendants.
```

Civil Action No.: 20-269

**COMPLAINT**

Plaintiff, Nolvia Lizeth Garcia Borjas ("Borjas") brings this action against Defendants, Yetnal House LLC ("Yetnal"), Ray Kim ("Ray Kim") and his wife, who is a co-owner and manager of Yetnal. At this time, Plaintiff does not know the wife's name and until Plaintiff can amend the Complaint to properly identify the wife, Plaintiff will refer to her as "Jane Doe." Plaintiff brings suit against all Defendants for violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29

U.S.C. §§ 201, *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Labor & Empl. Art. § 3-415, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Labor & Empl. Art., § 3-501, *et seq.* Plaintiff brings this action to recover unpaid and illegally withheld straight-time wages, minimum wages and overtime compensation along with liquidated damages and attorney's fees and costs.

## JURISDICTION

1. The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331 because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367.

2. This Court has *in personam jurisdiction* over Defendants because they conduct business in the State of Maryland and all of the events giving rise to these claims occurred in Maryland.

## THE PLAINTIFF

3. Plaintiff Borjas is an adult resident of Anne Arundel County, Maryland and was employed by the Defendants from in or around March 2018 until in or around October 2019.

## THE DEFENDANTS

4. Yetnal is limited liability company organized under the laws of the State of Maryland. Yetnal owns and operates a restaurant, "Yet Nal House" located at 10194 Baltimore National Pike, Ellicott City, Maryland 21042, where Borjas worked. Yetnal employed Borjas within the meaning of the FLSA, MWHL and MWPCL because it, through its owners, members, officers and agents, employed the Plaintiff directly, hired her, set her rate of pay, set the terms and conditions of her employment, set her work schedule, directed her in the performance of her work, maintained

2

her employment records, disciplined her and paid her wages. Yetnal meets the definition of an "Enterprise Engaged in Commerce" under 29 U.S.C. § 203(s)(1)(A)(i), as it, has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

5. Ray Kim is the President of Yetnal and, on information and belief is also a part owner and a member of Yetnal. He was an employer of Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because he: (1) is an owner, officer and/or member of Yetnal and exercises functional and operational control over Yetnal's day-to-day affairs and is significantly involved in its operations. Specifically, Ray Kim was present at Yet Nal House restaurant on a daily basis, and through his presence, exercised supervisor authority over Defendants' employees; (2) as President, he had the ability to control the terms and conditions of Plaintiff's employment; (3) had authority to set Plaintiff's rate of pay and determine the frequency of pay; (4) had authority to decide how many hours Plaintiff was paid for and, as President, was involved in the decision not to pay Plaintiff for all hours worked; (5) together with Jane Doe (his wife) set the Plaintiff's work schedule and directed Plaintiff in the performance of her work. Ray Kim regularly directed the restaurant's Korean employees, speaking to them in Korean. However, when he needed to direct the Plaintiff he did so through his wife (Jane Doe) because he did not speak English well, and Plaintiff speaks primarily Spanish; (6) provided Plaintiff with the tools and materials necessary to do her work; (7) as President, could discipline the Plaintiff; and (9) as President, had authority to hire and fire Plaintiff.

6. Jane Doe (Ray Kim's wife) is an owner, and/or member of Yetnal and is also a manager. She was an employer of Plaintiff within the meaning of the FLSA, MWHL and the MWPCL because she: (1) is an owner and/or member of Yetnal and as a manager, exercises functional and operational control over Yetnal's day-to-day affairs and is significantly involved in Yetnal's operations; (2) controlled the corporate funds which were used to pay Plaintiff and other employees and could allocate funds as profits; (3) controlled the terms and conditions of Plaintiff's employment, including setting Plaintiff's rate, method and frequency of pay; (4) signed and distributed cash wages; (5) decided about how many hours Plaintiff was paid for and also decided not to pay Plaintiff for all hours she worked; (6) set the Plaintiff's work schedule; (7) maintains employment records; (8) could discipline the Plaintiff; and (9) had authority to hire and fire Plaintiff and did in fact hire and fire Plaintiff.

## STATEMENT OF FACTS

7. In or around March 2018, Plaintiff started working for the Defendants in the kitchen of Yet Nal House. Plaintiff's position was not exempt from the overtime and minimum wage requirements of the FLSA, MWHL and the MWPCL. Her duties included, but were not limited to washing dishes, preparing food, and cleaning up the kitchen and restaurant.

8. Beginning in March 2018 to in or around March 2019, Plaintiff worked 6 days per week and in excess of 11 hours per day. Plaintiff took a lunch break of no more than 15 minutes on some occasions. On many occasions, Plaintiff did not take a lunch break at all because the restaurant was very busy.

9. In March 2019, Plaintiff started working 5 days per week and in excess of 11 hours per day. In September 2019, Plaintiff's hours were reduced. Plaintiff was terminated in early October 2019.

10.     At all times relevant to the Complaint, Defendants paid Plaintiff in cash and paid her a fixed amount each week. Initially, Defendants paid Plaintiff $500.00 per week and then increased the payment to $550.00 per week. During one of the months, Plaintiff was paid $650.00 per week. However, when her scheduled was reduced to 5 days per week, the Defendants also lowered her weekly rate of pay back down to $550.00 per week.

11.     Defendants never paid Plaintiff an overtime premium equal to one and one-half times her regular hourly rate for the hours she worked over 40 in each work week as is required by the FLSA and the MWHL.

12.     In addition, Defendants failed to pay Plaintiff anything all for some of the hours she worked each week in violation of the MWPCL. These unpaid hours include, but are not limited to, three of the six days Plaintiff worked during her first week of employment.

13.     The amount owed to the Plaintiff will be calculated after Plaintiff obtains her time records which are in the Defendants' exclusive possession.

## COUNT I
## VIOLATIONS OF THE FLSA

14.     Plaintiff repeats and incorporates by reference all allegations set forth above.

15.     At all times relevant to the Complaint, each Defendant was an "employer" of the Plaintiff within the meaning of the FLSA.

16.     All at times relevant to the Complaint, the Plaintiff was an "employee" of each Defendant within the meaning of the Complaint.

17.     Defendants violated the FLSA by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked during the time she was employed.

18. In addition, in some weeks, Plaintiff's regular hourly rate fell below the applicable minimum wage ($7.25) due to the fact that she was not paid for all hours worked. For example, during her first week of work, Plaintiff was only paid about $250.00 for the week but worked approximately 72hours which. In this week, Plaintiff was paid less than $4.00 per hour, which is considerably less than the applicable minimum wage ($7.25 per hour).

19. Defendants' actions were willful as defined by the FLSA and were not undertaken in good faith.

20. Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for her unpaid and illegally withheld overtime, straight-time and minimum wage compensation, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses and any other relief deemed appropriate by the Court.

## COUNT II
## VIOLATIONS OF THE MWHL

21. Plaintiff repeats and incorporates by reference all allegations set forth above.

22. At all times relevant to this Complaint, Defendants were "employers" of the Plaintiff within the meaning of the MWHL.

23. At all times relevant to this Complaint, Plaintiff was an "employee" of each Defendant within the meaning of the MWHL.

24. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for each hour over 40 that she worked and not paying her anything at all (not even minimum wage of $9.25 per hour before July 1, 2018 and $10.10 per hour after that date) for some hours she worked in a work week, including straight-time and overtime hours.

25.     Defendants knowingly, willfully and intentionally violated Plaintiff's rights under the MWHL and did not act in good faith, making them liable for liquidated damages.

26.     As a result, Defendants are liable to Plaintiff pursuant to the MWHL for her unpaid and illegally withheld overtime wages for the statutory period, an additional equal amount as liquidated damages, court costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## COUNT III
## VIOLATIONS OF THE MWPCL

27.     Plaintiff repeats and incorporates by reference all allegations set forth above.

28.     Defendants knowingly, willfully and intentionally violated Plaintiff's rights under the MWPCL by failing to pay Plaintiff an overtime premium for her overtime hours, failing to pay Plaintiff for all hours worked (including straight-time hours and overtime hours) and failing to pay Plaintiff anything at all for some of the hours Plaintiff worked. Defendants' unlawful failure or refusal to pay the required straight-time, overtime and minimum wages was not the result of a *bona fide* dispute within the meaning of the MWPCL.

29.     Defendants are liable to Plaintiff pursuant to the MWPCL for illegally withheld and unpaid straight-time, overtime and minimum wages for the statutory period, an additional amount equal to double the unpaid wages as liquidated damages, litigation costs, attorneys' fees, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

a)     enter a judgment against Defendants, jointly and severally, and in favor of the Plaintiff in the amount of the Plaintiff's respective unpaid and illegally withheld straight-time,

7

overtime and minimum wages, plus an equivalent amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

      b)    enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWHL in the amount of Plaintiff's unpaid and illegally withheld overtime, straight-time, and minimum wages and an equal sum as liquidated damages; and

      c)    enter a judgment against Defendants, jointly and severally, and in favor of Plaintiff, based on Defendants' violations of the MWPCL in the amount of Plaintiff's unpaid and illegally withheld straight-time wages, and overtime and minimum wages and a sum equal to double liquidated damages under the MWPCL;

      d)    award Plaintiff her costs and reasonable attorneys' fees incurred in this action, as provided in 29 U.S.C. § 216 (b) and Md. Code Ann., Labor & Empl. § 3-507.2; and

      e)    permanently enjoin Defendants from committing further violations of the FLSA, the MWHL and the MWPCL.

Respectfully submitted,

/s/Suvita Melehy
Suvita Melehy
Maryland Bar No.: 13068
MELEHY & ASSOCIATES LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910
Tel: (301) 587-6364
Fax: (301) 587-6308
Email: smelehy@melehylaw.com
*Attorney for Plaintiff*