## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter the "Agreement") is hereby entered into on this _____ day of December, 2020, by and between Noliva Lizeth Garcia Borjas, ("Borjas") Yetnal House, LLC, Ray Kim, and Kum Cha Lee (collectively hereinafter the "Yetnal House Parties") (Borjas and the Yetnal House Parties, are collectively referred to herein as the "Parties"). This Agreement sets forth the understandings and resolutions between the Parties.

WHEREAS, Borjas has brought a lawsuit in the United States District Court for the District of Maryland, *Borjas v. Yetnal House, LLC, et al.* (the "Case"), alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Maryland Wage and Hour Law ("MWHL"), LABOR & EMPL. ART. § 3-415, *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), LABOR & EMPL. ART., § 3-501, *et seq.*

WHEREAS, the Yetnal House Parties deny any liability in this matter.

WHEREAS, it is the intention of the Parties to reach a global settlement of any and all claims that Borjas has asserted or could have asserted against the Yetnal House Parties.

WHEREAS, the Parties have entered into this Agreement to resolve a *bona fide*, good faith dispute as to Borjas' possible entitlements under the FLSA, MWHL, and the MWPCL, therefore, the Parties desire to resolve all matters and disputes concerning unpaid wages between them amicably so as to avoid any future litigation;

NOW THEREFORE, it is hereby agreed between Borjas and the Yetnal House Parties to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them from the beginning of time until the present, accordingly,

NG

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1. **Settlement Payment.** The Yetnal House Parties agree to pay the sum of Sixty Thousand Dollars ($60,000.00) ("Settlement Payment") in full and final settlement of Borjas' claims against the Yetnal House Parties reflecting the following components:

   a. Unpaid wages: $12,250.00

   b. Equal Amount of the Unpaid Wages as Liquidated Damages: $12,250.00

   c. Attorneys' Fees and Costs: $35,500.00

   The Settlement Payment shall be delivered to Borjas' attorneys in the form of checks made payable to "Melehy & Associates LLC, for the Benefit of Noliva Lizeth Garcia Borjas." The total Settlement Payment shall be made in multiple installments as follows:

   i. Within thirty (30) calendar days of approval of this Agreement by the Court, a check in the amount of $30,000.00 will be delivered to Melehy & Associates, LLC.

   ii. The remaining portion of the Settlement Payment ($30,000.00), will thereafter be paid in twelve equal installments of $2,500.00 over a twelve-month period. Each payment will be made by check, delivered to Melehy & Associates LLC and will be due on the first day of each month. The Yetnal House Parties shall make the first of these installment payments no later than the first day of the month immediately following the month in which the initial $30,000.00 payment identified in subsection (i) is due and on or before the first day of each month thereafter until the entire Settlement Payment is paid in full.

   iii. All payments made to Melehy & Associates LLC, including those for the benefit of Borjas, shall be delivered to 8403 Colesville Rd., Suite 610, Silver Spring, Maryland 20910.

2. **Default.** If Yetnal House Parties fail to make any payment due under this Agreement, the Yetnal House Parties shall be in default of this Agreement. In the event of default,

Borjas shall notify the Yetnal House Parties, by electronic mail, to the attention of counsel Weon G. Kim, that the Yetnal House Parties are in default under this Agreement and allow them five (5) calendar days from the date of the notice to cure the default by paying, in full, any arrears then due and owing. In the notice, Plaintiff will specify the arrearage amount which is to be cured by the Yetnal House Parties. In addition, the Yetnal House Parties shall also be in default if any bankruptcy or insolvency proceedings are commenced by or instituted against any one of the Yetnal House Parties. In the event bankruptcy or insolvency proceedings are instituted by or against any of the Yetnal House Parties, Borjas shall have the right to declare all obligations of the Yetnal House Parties under this agreement and the entirety of the remaining balance of the Settlement Payment to be immediately due and owing. Borjas shall not be required to give any notice of acceleration to the Yetnal House Parties.

If the Yetnal House Parties fail to cure a default for failure to make a payment within five (5) calendar days of the notice, or fail to pay the entirety of the remaining balance of the Settlement Payment in the event default caused by the commencement or institution of bankruptcy or insolvency proceedings, the Yetnal House Parties consent to the entry of judgment in favor of Borjas and against the Yetnal House Parties, jointly and severally, in the United States District Court for the District of Maryland or any other state or federal court of competent jurisdiction, in the amount of the entire unpaid balance due under this Agreement, plus interest at the agreed upon rate of ten percent (10%) per annum, accruing from the date of default by the Yetnal House Parties, along with the attorneys' fees and costs expended by Borjas' attorneys to collect the unpaid balance and/or otherwise secure the Yetnal House Parties compliance with this agreement, subject to any stay issued by the Bankruptcy Courts preventing entry of judgment. The United States District Court for the District of Maryland shall retain jurisdiction to enforce any term of this Agreement.

4. **No Pending or Future Actions.** Borjas warrants that other than Civil Case No. 1:20-cv-00269, she has no actions pending against the Yetnal House Parties, including but not limited to actions before any court, administrative agency, government agency, board, or commission. The Yetnal House Parties warrant that none of them have any actions pending against Borjas, including but not limited to actions before any court, administrative agency, government agency, board, or commission.

5. **No Retaliation.** The Yetnal House Parties agree that they will not take any adverse action or retaliate against Borjas in any way as a result of the allegations raised in connection with Civil Case No. 1:20-cv-00269, the settlement reached between the Parties pursuant to the terms of this Settlement Agreement, Borjas' employment for the Yetnal House Parties or for any other reason not contained herein. The Yetnal House Parties further agree that they shall not, at any time, make statements or representations, or otherwise communicate, directly or indirectly, in writing, orally, or otherwise, or take any action which may, directly or indirectly, disparage Borjas in retaliation for any of the allegations contained in Civil Case No. 1:20-cv-00269 or in connection with this agreement. Notwithstanding the foregoing, nothing in this Agreement shall preclude the Parties from making truthful statements that are required by applicable law, regulation, or legal process.

6. **No Admission of Wrongdoing.** It is specifically understood that the settlement of Borjas' claims shall not be construed as an admission by the Parties of any violation of any Law, or any federal, state or local statute or regulation, or of any duty owed by the Yetnal House Parties to Borjas or Borjas to the Yetnal House Parties.

7. **Dismissal of Suit.** Borjas agrees that she will dismiss her suit currently filed in the United States District Court for the District of Maryland, Civil Case No. 1:20-cv-00269 with

NG

prejudice and within five (5) business days following receipt of the total Settlement Payment identified in Paragraph 1 of this Agreement.

8. **No Assignment.**  Borjas represents that she has not assigned, transferred, or purported to assign or transfer, to any person or entity, any claim against the Yetnal House Parties or portion thereof or interest therein.

9. **Governing Law and Interpretation.**  The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of Maryland. The parties agree that any dispute arising out of this Agreement shall be adjudicated solely and exclusively in the United States District Court of Maryland or the Circuit Court for Montgomery County Maryland. The Parties expressly waive any objection to jurisdiction and venue herein, including but not limited to personal jurisdiction and *forum nonconveniens*.

10. **Severability.**  The Parties agree that, if any terms of the above provisions of this Agreement are found null, void or inoperative, for any reason, the remaining provisions will remain in full force and effect.

11. **Entire Agreement.**  The Parties agree that this Agreement contains and comprises the entire agreement and understanding of the Parties and that there are no additional promises or terms of the agreement among the Parties that have not been incorporated into this agreement.

12. **Amendment**.  The parties agree that this Agreement shall not be modified except by a writing signed by each of the Parties hereto.

13. **No Presumption Against Drafter**.  This Agreement shall be construed without regard to any presumptions or other rule requiring construction against the party causing the Agreement to be drafted.

14. **Headings**. Section and other headings are inserted only as a matter of convenience and shall in no way interpret, define, limit or otherwise affect any of the provisions of this Agreement.

15. **Counterpart Signatures**. The Parties hereby acknowledge that this Agreement may be executed in counterpart originals with like effect as if executed in a single document.

16. **Representation on Authority of Parties/Signatories**. By signing this Agreement, each person signing this agreement represents and warrants that he or she is duly authorized and has legal capacity to execute and deliver this Agreement. Each party represents and warrants to the other that the execution and delivery of the Agreement and the performance of such party's obligations hereunder have been duly authorized and that the Agreement is a valid and legal agreement binding on such party and enforceable in accordance with its terms. By signing this agreement on behalf of Yetnal House, LLC, Kum Cha Lee acknowledges that she has the actual authority to bind the organization and execute the Agreement on Yetnal House, LLC's behalf.

This Agreement is effective when all Parties have executed the Agreement and provided executed copies to all Parties hereto.

N6

IN WITNESS WHEREOF, the parties have executed this Agreement.

_____    Dated: 07/01/2021
Noliva Lizeth Garcia Borjas

Yetnal House, LLC

By   _____    Dated: 01/07/2021
Kum Cha Lee
Principal and Owner of Yetnal House, LLC

_____    Dated: 01/07/2021
Ray Kim, Individually

_____    Dated: 01/07/2021
Kum Cha Lee, Individually

N 6